UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KATRINA KRIPPENDORF, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-142 |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Appeal Brief (Dkt. 18) and Defendant's Cross Motion for Summary Judgment (Dkt. 19).[1] After reviewing the motions, relevant authority, and a complete transcript of the administrative record (Dkts. 2, 17), the Court will deny Plaintiff's motion and grant Defendant's motion. The reasons for this ruling are explained below.

## BACKGROUND

In 2009, Plaintiff Katrina Beth Krippendorf's ("Krippendorf") applied for Supplemental Security Income ("SSI") payments under Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1382c. Krippendorf alleged that chronic migraine headaches, dizziness, nausea, memory loss, and decreased attention and concentration rendered her disabled within the meaning of the statute. Krippendorf claimed that these symptoms arose from a past aneurysm, multiple associated brain surgeries, a cerebrovascular

---

[1] The Court construes Plaintiff Katrina Beth Krippendorf's ("Krippendorf") Appeal as a motion for summary judgment. Defendant is the Commissioner of the Social Security Administration ("Commissioner").

incident, and hypertension. In 2011, an Administrative Law Judge ("ALJ") denied her claim. After an unsuccessful appeal, Krippendorf sought judicial review. Based on the parties' joint motion to remand, this Court remanded Krippendorf's claim for further consideration of new and material evidence.

In 2015, an ALJ conducted a second hearing, this time considering all available evidence. Krippendorf—represented by counsel—testified, as did a medical and a vocational expert. The ALJ found that: (1) Krippendorf had not been engaged in substantial gainful activity since 2009; (2) she suffered from severe impairments including an aneurysm and cerebro-vascular accident and hypertension; (3) there was no documentation of Krippendorf's claims of memory loss and decreased attention and concentration; (4) Krippendorf did not have an impairment meeting the severity of 20 C.F.R. Part 404, Subpart P, Appendix 1; (5) Krippendorf "has the residual functional capacity to perform light work," Dkt. 2, p. 26; (6) Krippendorf "cannot climb ladders, ropes, or scaffolds or work in environments with unprotected heights or around dangerous machinery. She is limited to unskilled work[,]" *id.*; (7) Krippendorf had no relevant past work experience; and—at issue here—"[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a))." *Id.* at 28.

The ALJ therefore determined that, "Based on the application for supplemental security income protectively filed on November 2, 2009, the claimant is not disabled under section 1614(a)(3)(A) of the Social Security Act." *Id.* at 30. After the ALJ

returned its unfavorable decision, Krippendorf appealed his decision to the Commission's appeals council. The council found that it lacked jurisdiction. Krippendorf now brings this civil action, timely seeking judicial review the Commissioner's denial of disability benefits under the Social Security Act, 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

### A. Summary judgment standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmovant then bears the burden to identify specific evidence in the record and to articulate the precise manner in which that evidence establishes the existence of a genuine dispute of material fact. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998).

When ruling on a motion for summary judgment, the Court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.1996). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.) (citing *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir.1991)), cert, denied, 506 U.S. 825 (1992).

Here, the parties have filed cross-motions for summary judgment. Although cross-motions for summary judgment must be considered separately, the court may enter summary judgment if there are no genuine fact issues, "and one of the parties is entitled to prevail as a matter of law[.]" *House v. Quarterman*, No. CIV.A. H-07-3248, 2008 WL 896220, at *1 (S.D. Tex. Apr. 2, 2008) (quoting *Shaw Constructors v. ICF Kaiser Engineers, Inc.*, 395 F.3d 533, 538-39 (5th Cir.2004)).

**B. Judicial review under the Social Security Act**

Here, the Court's review is limited to determining: (1) whether the final decision is supported by substantial evidence on the record as a whole; and (2) whether the Commissioner applied the proper legal standards to evaluate the evidence. *See Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citing *Perez v. Barnhart*, 415 F.3d 457, 561 (5th Cir. 2005)). Evidence is substantial if a reasonable mind might accept it as adequate to support a conclusion. *Id.* It is "more than a mere scintilla and less than a preponderance." *Id.*

The Court must scrutinize the record for the presence of substantial evidence. *Perez*, 415 F.3d at 461.[2] In doing so, the Court considers the following factors: "(1) objective medical evidence; (2) diagnoses and opinions; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Id.* at 462 (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)). Findings

---

[2] As required by Social Security Act, the Commissioner electronically filed "a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g); Dkt. 2. The transcript contains fifty-nine exhibits and over 1,200 pages of evidence. Dkts. 2, 17.

that are supported by substantial evidence are conclusive. *Perez*, 415 F.3d at 461. The Court must affirm these findings. *Id.* Alternatively, "a finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). In scrutinizing the record, the Court may not "reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner." *Meyer v. Colvin*, Civil Action No. 4:14-116, 2014 WL 5305858, at *5 (S.D. Tex. Oct. 15, 2014) (citing *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007)).

## DISCUSSION

The Social Security Act characterizes as disabled a claimant who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determining a claimant's disability status:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Morgan v. Colvin*, 803 F.3d 773, 776 (5th Cir. 2015).

Here, Krippendorf disputes both ALJ's ultimate determination that she is not disabled as well as his Step-5 determination that Krippendorf's impairments did not prevent her from performing substantial gainful activity. Krippendorf notes the vocational expert's testimony that no substantial gainful activity would be available for someone who missed three days of work per month and maintained concentration only 50% of the time. She then argues that the record, taken as a whole, furnishes no basis for finding that she could perform substantial gainful activity. Specifically, she maintains that the ALJ failed to consider the regularity of her headaches and chronic need for treatment. Krippendorf further argues that her ER visits represented only her most severe headaches, and that the headaches and inability to concentrate render her unable to meet the vocational expert's criteria.

The ALJ was required to rely on the objective medical evidence; diagnoses and opinions; subjective evidence of Krippendorf's pain and disability; and Krippendorf's age, education, and work history. *See Perez*, 415 F.3d at 561. Here, the ALJ relied upon Krippendorf's testimony that: (1) her poor health would cause her to miss at least three days of work per month; and (2) her memory loss would prevent her from working more than half the time during an average work shift.

In addition to this subjective testimonial evidence, the ALJ relied upon objective medical evidence in the form of ER records. These records show a dramatic decline through the years in the number of emergency room visits that were necessitated by Krippendorf's headaches and other ailments. These visits peaked in 2010 (with forty-one visits to Arkansas Methodist medical Center ER). However, the number of ER visits

trended dramatically downward to around ten in 2011, nine in 2012; three in 2013, and two in 2014. The ALJ also weighed the medical expert's diagnoses and opinion that Krippendorf's impairments would preclude her from working with ropes, ladders, and scaffolds. The expert further testified to the absence of any psychological or psychiatric issues, leading to his conclusion that her mental residual functional capacity was not limited. In the expert's opinion, Krippendorf's physical limitations as presented should allow her to stay on task 90% of the time and miss no more than three days of work per month. Dkt. 2, p. 46. Finally, the ALJ relied upon Krippendorf's age (fifty years at the time of the second determination); education (GED) and work history (none since 2009).

Krippendorf also argues that she needs further exams, which might yield an explanation for her headaches and therefore provide a basis for finding that she is disabled. Krippendorf argues that she should be allowed further testing to determine the cause of the headaches. She further argues that, because she cannot afford further testing, the ALJ's refusal to provide testing is akin to punishment for being poor.

The medical expert at the hearing testified that he did not use Krippendorf's headaches as a basis for his opinions because he could find no documentation or explanation for why she would suffer from them. Krippendorf's counsel suggested, without stating an opinion, that her headaches could be explained by the changes reflected in her CAT scans. As the ALJ explained, he needed evidence that the CAT scan results could explain the headaches. However, no such evidence exists. The medical expert noted that the changes exhibited in Krippendorf's CAT scans also appear in those of other patients who smoke and suffer from high blood pressure, but do not suffer from

headaches. When the ALJ asked what further testing could provide an answer, Krippendorf did not have the answer. While Krippendorf opined that she needed an MRI, her counsel conceded that a previous MRI was refuted because of the hardware in Krippendorf's head. Dkt. 2, p. 50-55. It is abundantly clear from the hearing transcript that testing has not been ordered because there is no viable examination that is likely to explain the reason for Krippendorf's headaches. The ALJ is not—as alleged by counsel—holding Krippendorf's financial hardship against her.

An ALJ must determine the credibility of each piece of evidence and deciding how to weigh it against competing, often contradictory evidence. Weighing all these factors, the ALJ determined that Krippendorf could perform light unskilled work not involving any of the limitations mentioned above. The Court finds that the ALJ evaluated the evidence under the proper standard and reached a final determination that is supported by the evidence in the record as a whole.

## Conclusion

For the reasons discussed above, the Court **DENIES** the Plaintiff's motion for summary judgment (Dkt. 18); **GRANTS** the Defendant's motion for summary judgment (Dkt. 19); and accordingly **DISMISSES** Plaintiff's action **with prejudice**. A final judgment will be entered separately.

SIGNED on August 1, 2017 at Galveston, Texas.

George C. Hanks, Jr.
United States District Judge